UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

CAIN FIELD NURSERY; BONITA FARM )
NURSERY; TRAVIS WANAMAKER; )
ANTHONY WANAMAKER, )
AND CATRENIA WANAMAKER, )
)
      Plaintiffs, )
) Case No. 4:09-cv-78
v. )
) Judge Mattice
FARMERS CROP INSURANCE ALLIANCE, )
INC., GREAT AMERICAN INSURANCE )
COMPANY; FEDERAL CROP INSURANCE )
CORPORATION; RISK MANAGEMENT )
AGENCY; AND UNITED STATES )
DEPARTMENT OF AGRICULTURE, )
)
      Defendants. )

## MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss [Court Doc. 32] submitted by Defendants Federal Crop Insurance Corporation, Risk Management Agency, and United States Department of Agriculture. Defendants assert that all claims against them should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the reasons explained below, Defendants' Motion to Dismiss [Court Doc. 32] will be **GRANTED** and the claims against these Defendants will be **DISMISSED WITHOUT PREJUDICE**.

**I.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in

order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002). Challenges to subject matter jurisdiction may be either facial or factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge is a challenge to the sufficiency of the pleading. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. When reviewing a facial challenge, the Court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. In contrast, a factual challenge is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. When reviewing a factual challenge, no presumption of truthfulness applies to the factual allegations of the complaint, and the Court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.*; *Ohio Nat'l*, 922 F.2d at 325. The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l*, 922 F.2d at 325. The Court has before it a factual challenge to subject matter jurisdiction.

II.     **FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed their Complaint against all Defendants on August 3, 2009. (Court Doc. 1, Compl.) The Complaint alleges that Defendants Farmers Crop Insurance Alliance, Inc. ("Farmers") and Great American Insurance Company ("Great American"), acting through the Federal Crop Insurance Corporation ("FCIC") and the Risk Management Agency ("RMA"), sold and issued a crop insurance policy to Plaintiff Travis Wanamaker

and to Plaintiffs Cain Field Nursery and Bonita Farm Nursery by and through their authorized agent for obtaining insurance, Plaintiff Travis Wanamaker. (*Id.* ¶ 10.) There is some debate, however, over the number of policies at issue, the identity of those policies, the areas insured by those policies, the dates those policies were effective, and the identity of the individual who actually signed the applications for or cancellations of insurance related to those policies. (Compare Court Doc. 18, Memo. in Supp. of Defs. Mot. to Dismiss, 1-3, and Court Doc. 18-1. Aff. of Kathleen Dawson ¶¶8-21 with Court Doc. 22, Pls.' Resp. to Defs.' Mot. to Dismiss, 2-5.) Despite this debate, all of the four potential policies at issue -- Farmers' Policy 41-801-0002754 ("2754"), Great American Policy No. 2005-TN-030-906811 ("6811"), Farmers' Policy No. 41-801-0002779 ("2779"), and Policy No. 41-801-0002808 ("2808") – are alleged to be federally-reinsured Multiple Peril Crop Insurance ("MCPI") policies meant to cover the 2005 crop year. (Pls.' Resp. to Defs.' Mot. to Dismiss, 2-3, Ex. 1, and Dawson Aff. ¶¶9-11 & 18-20, Exs. A-C & J-K.) Plaintiff Travis Wanamaker's application(s) for these policies included a Nursery Plant Inventory Value Report, and he provided Price Lists and Catalogs to the Farmers agent, shown on policy forms to be Richard Mackie with Summitville Crop Insurance Agency. (Court Doc. 18-4, Aff. of Counsel in Supp. of Defs.' Mot. to Dismiss, Ex. 1; Dawson Aff., Ex. A)

On or about April 29, 2005, the crops and inventory were damaged by a hail storm, and Plaintiffs filed an insurance claim. (Compl. ¶ 11.) On July 5, 2006, Farmers sent Travis Wanamaker a letter denying coverage under Policy 2754 for the 2005 crop year, based on "Not receiving a catalog for the 2005 year. Subsequently, the catalog sent in was not in the insureds name." (Dawson Aff., Ex. H.) On August 14, 2006, Farmers sent Travis Wanamaker another letter, this one denying coverage under Policy 2754 for the 2005 crop

year for Warren County specifically, with the denial of coverage based on the September 1, 2004 cancellation notice and the subsequent submission of a Plant Inventory Value Report for Grundy County alone (Dawson Aff., Ex. I.)  Attached to the first letter was "a Basic Provision indicating Section 20, which covers the Mediation, Appeal, etc. process." (Dawson Aff., Ex. H.)  Unfortunately, a copy of this enclosure was not provided to the Court, so it has no way of knowing which appeal rights were provided to Plaintiff Travis Wanamaker.  Attached to the second letter was "your rights to appeal this decision," in fact, an excerpt from the 2005 MPCI Basic Provisions, paragraph 20(a)-(d) "Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review." (Dawson Aff., Ex. I.)

Plaintiffs allege that Defendants improperly failed to pay the insurance claim and are liable for damages.  (Compl. ¶¶ 13-15.)  Plaintiffs further assert that after the claim was denied, the parties submitted to arbitration, pursuant to the insurance policy terms, and Plaintiffs may now bring this action for judicial determination of the validity of their damages claim.  (*Id.* ¶¶ 17-20.)  Finally, Plaintiffs submit that they are entitled to recover attorneys fees, expenses, and punitive damages against all Defendants because they acted with fraud and malice in denying Plaintiffs' claims.  (*Id.* ¶ 20.)

Defendants FCIC, RMA, and the United States Department of Agriculture ("USDA") responded to Plaintiffs' Complaint by filing the instant Motion to Dismiss.  (Court Doc. 32.) In the Motion, Defendants provide additional facts from the administrative side: namely, that in July 2005, RMA's Southern Regional Compliance Office began investigating insurance policies issued by Defendant Farmers, including the policies at issue in this lawsuit.  (Court Doc. 33, Defs.' Mem. in Supp. of Mot. to Dismiss at 5.)  When RMA

discovered that 35 policies contained identical nursery catalogs or price sheets, RMA notified Farmers of this issue and Farmers responded that it would cancel policies where it lacked the proper catalog information. (*Id.*) Farmers eventually did cancel 23 policies, including Plaintiff Travis Wanamaker's 2754 policy.[1] (*Id.*)

In addition to these facts and other pertinent information regarding the origin and function of these defendant entities, Defendants assert that the FCIC, RMA, and the USDA are improper parties to this lawsuit for various reasons and must all be dismissed. (*Id.* at 7-16.)

III.    **ANALYSIS**

The moving Defendants (hereinafter, except as otherwise indicated, "Defendants") assert three main arguments in regards to these parties. First, Defendants contend that the sovereign immunity waiver contained in the Federal Crop Insurance Act ("FCIA")–as a result of a 2008 statutory amendment–makes the FCIC not subject to suit in this action because it had no part in the denial of the claim submitted under Plaintiffs' insurance policy. Second, Defendants contend that the RMA and the USDA are not proper parties under the FCIA in any event, as it specifies that only the FCIC and the Secretary of the USDA may be named as parties to a lawsuit arising under the provisions of the FCIA. Third, again concerning the FCIC, Defendants claim that if the statutory amendment does not bar the FCIC as a party, the lack of privity of contract between Plaintiffs and the FCIC

---

[1] Because both the moving Defendants and the Plaintiffs (in response) discuss only the 2754 policy in their motions, the Court will only refer to a single policy, the 2754 policy. This reference assumes that the particular policy's identity is immaterial to this motion and that all arguments relating to the 2754 policy apply equally to the other policies at issue. Where the Court refers to Defendant Farmers as the issuer of a policy, such reference incorporates Defendant Great American as the issuer of policy 6811.

makes it an improper party.

Essentially, the claims asserted by Plaintiffs are directed towards the FCIC as the principal party at fault because the crop insurance policy at issue was promulgated by the FCIC and issued by one of the FCIC's providers, Defendant Farmers. Because the RMA manages the FCIC and the RMA is an agency under the umbrella of the USDA, the Court construes the naming of these parties as an intent by Plaintiffs to move up the "chain" of hierarchy. Accordingly, the Court finds that if the FCIC is not a proper party to suit for any reason, the RMA and the USDA are also improper parties; that is, without the FCIC, Plaintiffs do not have separate and identifiable claims against the RMA and the USDA.[2]

---

[2] Although the bulk of the facts at issue in this case concern actions taken by the RMA, not the FCIC, Plaintiffs have essentially argued that RMA's actions can be attributed to the FCIC such that the FCIC is subject to suit for these actions. The Code of Federal Regulations defines the FCIC as "a wholly owned government corporation within USDA" and the RMA as "[a]n agency of USDA responsible for the administration of all programs authorized under the [Federal Crop Insurance] Act and other authorities." 7 C.F.R. § 400.701. If the RMA administers programs under the FCIA, it clearly has some supervisory authority over the FCIC and the two entities have coextensive responsibilities to some extent.

One court addressing the relationship between the RMA and the FCIC stated that "the RMA's own website clearly indicates that it now administers the FCIA and that the FCIC is simply a division within the RMA" and that "the RMA is equally subject to suit[]" as the FCIC is pursuant to the FCIA. *Rain & Hail Ins. Serv., Inc. v. Fed. Crop Ins. Corp.*, 229 F. Supp.2d 710, 715 (S.D. Tex. 2002). Other courts have also commented on the intertwined relationship between the two entities. *See Acceptance Ins. Cos., Inc. v. United States*, 72 Fed. Cl. 299, 305 (stating that "equating the RMA and the FCIC for purposes of 7 U.S.C. § 1506(d) makes practical sense"); *William J. Mouren Farming, Inc. v. Great Am. Ins. Co.*, CV F 05-0031, 2005 WL 2064129 (E.D. Cal. Aug. 24, 2005) (stating that "[f]or all relevant and practical purposes, the RMA and the FCIC are one and the same").

The Court notes that Defendants stated in their reply brief that "RMA operates and manages the FCIC. Courts that have stated RMA is "interchangeable" or a "replacement" to FCIC have simply misunderstood RMA's role with respect to the FCIC." (Court Doc. 41, Defs.' Reply at 4.) The Court believes that it understands the relationship between the entities and does not think that Defendants would object to the Court's conclusion that the RMA and the FCIC can be considered together for purposes of subject matter jurisdiction because the Court cannot identify separately cognizable claims against the RMA alone that would exist if the FCIC was not subject to suit.

Proceeding under that assumption, the Court will address the two arguments in regards to the FCIC first.

### A. Federal Crop Insurance Corporation

The first argument in regards to the FCIC is that it is not a proper party because the FCIC enjoys sovereign immunity and cannot be sued unless the waiver of sovereign immunity in the FCIA applies to this lawsuit. (Defs.' Mem. at 7-8.) This argument hinges on a 2008 amendment to the FCIA. The waiver of sovereign immunity in 7 U.S.C. § 1506(d) states that "[s]ubject to section 1508(j)(2)(A) of this title, the Corporation, subject to the provisions of section 1508(j) of this title, may sue and be sued in its corporate name." To determine the FCIC's ability to sue and be sued in its corporate name, the Court must turn to the restrictions outlined in 7 U.S.C. § 1508(j)(2)(A) which, before the 2008 amendment, stated as follows:

> Subject to subparagraph (B), if a claim for indemnity is denied *by the Corporation or an approved provider*, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

7 U.S.C. § 1508(j)(2)(A) (emphasis added). In contrast, this section now reads:

> Subject to subparagraph (B), if a claim for indemnity is denied *by the Corporation or an approved provider on behalf of the Corporation*, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

*Id.* (2008) (emphasis added).

---

Accordingly, because Plaintiffs appear to base their suit against the FCIC on the RMA's actions, the Court will accept that the RMA's actions may be attributed to the FCIC and the Court will apply its subject matter jurisdiction analysis equally to both entities. Therefore, if the FCIC is not subject to suit because the waiver of sovereign immunity contained in the FCIA is not sufficient, the RMA is also not subject to suit.

Based on the new requirement that the FCIC may be sued only if it denied the claim or one of its providers denied the claim on its behalf, Defendants assert that the FCIC cannot be sued in this case because it had no direct involvement in Plaintiffs' insurance policy and the denial of the claim. (Defs.' Mem. at 7-12.)

In response to this argument, Plaintiffs contend that the 2008 amendment to the FCIA does not apply to this case because it involves a 2005 crop year policy and the amendment should not be applied retroactively. (Court Doc. 37, Pls.' Resp. at 8-10.) In the event the amendment does apply, however, Plaintiffs assert that the FCIC has the option to participate in what is called a "Large Claim Review" for potential claims over $500,000. (*Id.* at 2.) Plaintiffs argue that the facts presented by Defendants establish that RMA's review of Farmers policies essentially constituted a denial of the claim at the direction of the FCIC such that the voiding of policy 2754 was "on behalf of the Corporation," and thus FCIC is a proper Defendant. (*Id.* at 10-11.)

In regard to Plaintiffs' argument that the amendment does not apply retroactively to events that took place in 2005 and 2006, Defendants state that the amendment was effective as of May 22, 2008 and controlled when this lawsuit was filed on August 3, 2009. (Court Doc. 41, Defs.' Reply at 1.) Defendants classify this amendment to the waiver of sovereign immunity as a procedural rule and state that procedural rules can be applied "based on the law at the time the suit is filed and not when the claim arose." (*Id.* at 2.)

"We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994). "Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court

rather than to the rights or obligations of the parties.'" *Id.* (citation omitted). "Sovereign immunity is jurisdictional in nature . . . the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The Court finds that the statutory amendment that took place in 2008 does apply to this case and that the FCIC cannot be sued in this action unless Defendant Farmers denied Plaintiffs' claim on behalf of the FCIC. The Court must now turn to the facts before it to determine if Plaintiffs' insurance claim was denied by the FCIC or on behalf of the FCIC.

Defendants assert in their Motion to Dismiss that "[t]he only action taken by FCIC in this case was to make an initial investigation of the discrepancies with the nursery catalogs and alert Farmers Crop of the problem." (Defs.' Mem. at 11.) In July 2005, the RMA's Southern Regional Compliance Office ("SRCO") sent a letter to Defendant Farmers which stated that it had opened a compliance case for 2005 crop year policies and had identified policies for 35 nurseries that had identical nursery catalogs. (Court Doc. 34-1, July Letter.) The SRCO stated that the catalogs did not comply with the requirements for the insurance policies issued. (*Id.*) Accordingly, the SRCO writes:

> Should any of the catalogs be found to not have been submitted by the producer in accordance with the SPOI for Nursery and the Underwriting Guide, approved policy and procedure should be followed. Should any of the catalogs be found to have been submitted by the producer, there remains a question as to the timeliness of submission as stipulated in the Underwriting Guide.
>
> The Nursery Crop Insurance Underwriting Guide is clear that if the insured does not provide the required catalogs and/or price lists by September 1st for newly insureds or September

> 30 for carryover insureds, the policy **will be cancelled** for the applicable crop year. Nineteen of the catalogs submitted were date stamped by Farmers Crop as received after the required date of September 1 or 30, 2004. On Attachment A, in the column titled "Date Rec'd", these policies dates are listed in RED.
>
> . . .
>
> Therefore, based on this information, the SRCO requests Farmers Crop review the policies listed on Attachment A and determine if policy procedure has been adhered to establish the correct insurability and liability for each policy and make any necessary corrections and/or cancellations.

(*Id.*) In a letter dated September 13, 2004, Defendant Farmers responded to the SRCO by sending copies of the files for the policies at issue and indicated that "FCIA[3] will be canceling those policies which did not provide the appropriate information in a timely manner." (Court Doc. 34-2, Sept. Letter.)

Defendants submitted a declaration by Tim LeBlanc, a Compliance Investigator with RMA's Southern Regional Compliance Office. (Court Doc. 34, LeBlanc Dec.) Mr. LeBlanc stated that:

> [N]o employee with RMA participated in any review conducted by Farmers Crop or GAIC with respect to the thirty-five (35) crop year 2005 nursery catalogs. Nor did RMA deny coverage and/or cancel any nursery crop policy and/or deny any nursery loss claims submitted by Timothy Wanamaker, Travis Wanamaker, Anthony Wanamaker, or Catrenia Wanamaker on behalf of themselves or on behalf of Scruggs Farm Nursery, Wanamaker Nursery, Cain Field Nursery, or Bonita Farm Nursery. Nor did RMA direct or request Farmers Crop (or GAIC) to deny coverage and/or cancel any nursery crop policy and/or deny any nursery loss claims on behalf of the FCIC for the above listed individuals and companies.

---

[3] FCIA, in this context, refers to Farmers Crop Insurance Alliance, Inc. and not the Federal Crop Insurance Act.

(*Id.* ¶ 11.)

Plaintiffs, on the other hand, assert that the denial of the insurance policy claim was on behalf of the FCIC, but Plaintiffs do not provide many facts on which the Court can rely to support this conclusion. Plaintiffs claim that RMA's actions through the SRCO to notify Defendant Farmers that it should review certain insurance policies resulted in Defendant Farmers denying Plaintiffs' insurance claim and that Farmers was acting on behalf of the RMA/FCIC when it made this denial. (Pl.'s Resp. at 10-11.) Plaintiffs claim that, at the very least, the communication between the SRCO and Farmers creates an issue of fact to be submitted to the jury. (*Id.* at 11.) Plaintiffs also assert that the FCIC has the option to participate in a "Large Claim Review" for potential claims exceeding $500,000, although Plaintiffs present no evidence that the FCIC undertook such a review in the instant case. (*Id.* at 2.)

In the context of a Motion to Dismiss submitted pursuant to Fed. R. Civ. P. 12(b)(1), "[w]hen facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat'l*, 922 F.2d at 325. The Court cannot, as Plaintiffs suggest, preserve a factual dispute relating to subject matter jurisdiction for the jury, but must instead make that determination after reviewing the evidence submitted by both parties.

The Court acknowledges that the phrase "on behalf of" does not necessarily lend itself to an easy definition and there are no cases to guide the Court's analysis of the facts due to the recency of the amendment. Based on the information before the Court,

however, the Court finds that the denial of the insurance policy claim submitted by Plaintiffs was made solely by Defendant Farmers, and, although the RMA directed Farmers to review a group of policies to determine if the policies were valid, the denial of Plaintiffs' claim was not made "on behalf of" the FCIC. Mr. LeBlanc's declaration indicates that RMA's involvement was to initiate review pursuant to the terms of the reinsurance agreement, not to direct the denial of claims. The actual claim denial was made by Defendant Farmers after undertaking the review suggested by RMA and required as part of the terms of the reinsurance agreement. Plaintiffs did not submit evidence of any other involvement of the RMA or the FCIC in the review and denial of Plaintiffs' claim that might adequately contradict this evidence. The Court finds, therefore, that Plaintiffs did not present sufficient evidence to support their version of the facts and did not meet their burden to establish subject matter jurisdiction. In contrast, Defendants have presented enough evidence to persuade the Court that the denial of the claim in this case was not made on behalf of the FCIC.

Because the Court has determined the factual issue underlying the question of subject matter jurisdiction, the Court finds that the terms of the FCIC's consent to be sued outlined in 7 U.S.C. § 1506(d) and § 1508(j) have not been met. Therefore, the FCIC cannot be subject to suit because the waiver of sovereign immunity contained in the FCIA does not extend to encompass this action.

### B. Risk Management Agency and United States Department of Agriculture

As a preliminary matter, the Court notes that the applicable statute under which Plaintiffs proceed indicates that the RMA and the USDA would not be proper parties to this lawsuit even if it had been properly filed against the FCIC. The relevant section of the

FCIA states that "[s]ubject to section 1508(j)(2)(A) of this title, the Corporation, subject to the provisions of section 1508(j) of this title, may sue and be sued in its corporate name." 7 U.S.C. § 1506(d). Section 1508(j)(2)(A) states that "[s]ubject to subparagraph (B), if a claim for indemnity is denied by the Corporation or an approved provider on behalf of the Corporation, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located." 7 U.S.C. § 1508(j)(2)(A). Subparagraph (B) establishes a statute of limitations of one year. *Id.* § 1508(j)(2)(B). "Secretary" is defined in 7 U.S.C. § 1502(8) as the Secretary of Agriculture. Neither the RMA or the USDA would be proper parties pursuant to this statutory provision.

The Court bases its dismissal of these two Defendants, however, on its assumption that Plaintiffs simply filed suit against each entity in the "ladder" of the corporate hierarchy and that the claims were primarily asserted against the FCIC, without independent and separable claims against the RMA and the USDA. Plaintiffs allege facts and assert claims in the Complaint by grouping the FCIC and the RMA together as essentially interchangeable entities. (Compl. ¶¶ 13-16.) The USDA appears to be named as the umbrella organization over the RMA, which in turn has some supervisory authority over the FCIC.

Plaintiffs' claims are primarily directed at the FCIC because it is the only entity truly subject to suit pursuant to the FCIA. The Court has determined that the waiver of sovereign immunity contained in 7 U.S.C. § 1508(j)(2)(A) is not sufficient to allow suit against the FCIC under the circumstances presented in the instant case. In the absence of subject matter jurisdiction over the FCIC, the Court can identify no grounds upon which

the RMA or the USDA could remain proper parties to the lawsuit if the FCIC is dismissed. There appear to be no cognizable claims against these entities that would survive if the FCIC is not a party to the suit.

Therefore, because the Court has concluded that the FCIC is not subject to suit because the Court lacks subject matter jurisdiction over this entity in the absence of an applicable waiver of sovereign immunity in the FCIA, the Court further concludes that suit is not proper against RMA and the USDA.

## IV. CONCLUSION

For the reasons outlined above, the Court **ORDERS** that the Motion to Dismiss [Court Doc. 32] submitted by Defendant Federal Crop Insurance Corporation, Risk Management Agency, and the United States Department of Agriculture is **GRANTED** and Plaintiffs' claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 22nd day of September, 2010.

                                     /s/Harry S. Mattice, Jr.
                                     HARRY S. MATTICE, JR.
                                     UNITED STATES DISTRICT JUDGE